MERYL L. YOUNG, SBN 110156
myoung@gibsondunn.com
JARED M. TOFFER, SBN 223139
jtoffer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Defendant,
T-MOBILE USA, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MARTINET, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>T-MOBILE USA, INC., a Delaware corporation,<br><br>    Defendant. | CASE NO. 08-CV-0381-L (NLS)<br><br>**DEFENDANT T-MOBILE USA, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Gibson, Dunn &
Crutcher LLP

Defendant T-Mobile USA, Inc. ("T-Mobile"), in answering Plaintiff's Class Action Complaint (the "Complaint") herein, admits, denies and alleges as follows:

1. Answering Paragraph 1 of the Complaint, T-Mobile admits that Plaintiff purports to bring this lawsuit on behalf of a putative class and denies that this action can properly be maintained as a class action. T-Mobile admits and alleges that in November 2007 it began charging an $18 upgrade fee to certain existing customers who purchase a new phone and enter into a contract extension. T-Mobile denies that the upgrade fee is not disclosed by T-Mobile's sales representatives and that the upgrade fee is never charged at the time of sale. T-Mobile alleges that the document titled "Terms & Conditions" listed on T-Mobile's website is the best evidence of its contents and speaks for itself. T-Mobile alleges that the upgrade fee was disclosed to customers and denies that the upgrade fee was not referenced in T-Mobile's contracts with customers. T-Mobile admits that Plaintiff purports to bring the claims asserted in Paragraph 1 of the Complaint. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 1 of the Complaint.

2. Answering Paragraph 2 of the Complaint, T-Mobile admits that Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). T-Mobile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, T-Mobile admits that it is registered to transact and transacts business in this District and is subject to personal jurisdiction in this District. T-Mobile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, T-Mobile admits that it is incorporated in Delaware and has its principal place of business in Bellevue,

Washington. T-Mobile admits that it is registered to conduct and conducts business in various states throughout the United States, including California, and in various counties throughout California, including San Diego County. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, T-Mobile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, T-Mobile admits and alleges that it is a provider of wireless voice, messaging, and data services in various states throughout the United States, including California, and in various counties throughout California, including San Diego County. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Complaint, T-Mobile admits and alleges that certain T-Mobile customers enter into contracts with T-Mobile for wireless voice, messaging, and/or data services. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, T-Mobile admits and alleges that it provides "Terms & Conditions" applicable to certain T-Mobile customers on its website. T-Mobile alleges that the document titled "Terms & Conditions" is the best evidence of its contents and speaks for itself. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, T-Mobile admits and alleges that it revises its service contracts from time to time. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, T-Mobile admits and alleges that in November 2007 it began charging an "upgrade fee" to certain existing T-Mobile customers who purchased new phones and entered into a contract extension. Except as

expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, T-Mobile alleges that the existing customer contracts are the best evidence of their contents and speak for themselves. T-Mobile denies each and every remaining allegation in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, T-Mobile alleges that the document titled "Terms & Conditions" is the best evidence of its contents and speaks for itself. T-Mobile denies each and every remaining allegation in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, T-Mobile alleges that the document titled "Terms & Conditions" is the best evidence of its contents and speaks for itself. T-Mobile denies each and every remaining allegation in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, T-Mobile admits and alleges that the account in question was activated in December 2003 and has remained active through the filing of the Complaint. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, T-Mobile denies each and every allegation in Paragraph 15 of the Complaint.

16. Answering Paragraph 16 of the Complaint, T-Mobile denies each and every allegation in Paragraph 16 of the Complaint.

17. Answering Paragraph 17 of the Complaint, T-Mobile lacks sufficient knowledge or information to form a belief as to the truth as to why Plaintiff returned his handset to T-Mobile. T-Mobile denies each and every remaining allegation in Paragraph 17 of the Complaint.

18. Answering Paragraph 18 of the Complaint, T-Mobile denies each and every allegation in Paragraph 18 of the Complaint.

Gibson, Dunn & Crutcher LLP

3

19. Answering Paragraph 19 of the Complaint, T-Mobile denies each and every allegation in Paragraph 19 of the Complaint.

20. Answering Paragraph 20 of the Complaint, T-Mobile admits and alleges that it generated a statement for Mike Martinet, dated December 20, 2007, for monthly service charges from November 20, 2007 to December 19, 2007. T-Mobile admits that Plaintiff purports to attach to the Complaint, as Exhibit 1, a copy of the invoice described in Paragraph 20 of the Complaint. T-Mobile admits and alleges that the statement generated for Mike Martinet, dated December 20, 2007, contained a one time equipment purchase charge of $239.99 and a one time upgrade fee charge of $18.00. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of the Complaint, T-Mobile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of the Complaint, T-Mobile alleges that the document titled "Terms & Conditions" on its website is the best evidence of its contents and speaks for itself. T-Mobile admits that Plaintiff purports to attach to the Complaint, as Exhibit 2, a copy of the document titled "Terms & Conditions" from T-Mobile's website for December 2007, but alleges that the document attached is dated January 26, 2008. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of the Complaint, T-Mobile denies each and every allegation in Paragraph 23 of the Complaint. T-Mobile alleges that the upgrade fees in question were, in fact, refunded, as reflected in statements for Mike Martinet, dated February 20, 2008 and March 20, 2008.

24. Answering Paragraph 24 of the Complaint, T-Mobile admits and alleges that it generated a statement for Mike Martinet, dated January 20, 2008, for monthly service charges from December 20, 2007 to January 19, 2008. T-Mobile admits that

Plaintiff purports to attach to the Complaint, as Exhibit 3, a copy of the invoice described in Paragraph 24 of the Complaint.  T-Mobile admits and alleges that the statement it generated for Mike Martinet, dated January 20, 2008, contained a one time equipment purchase charge of $349.99, a one time upgrade fee charge of $18.00, and did not contain a credit for a one time upgrade fee.  T-Mobile alleges that the upgrade fees in question were, in fact, refunded, as reflected in statements for Mike Martinet, dated February 20, 2008 and March 20, 2008.  Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 24 of the Complaint.

25.   Answering Paragraph 25 of the Complaint, T-Mobile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.   Answering Paragraph 26 of the Complaint, T-Mobile alleges that the upgrade fees in question were, in fact, refunded, as reflected in statements for Mike Martinet, dated February 20, 2008 and March 20, 2008.  T-Mobile denies each and every remaining allegation in Paragraph 26 of the Complaint.

27.   Answering Paragraph 27 of the Complaint, T-Mobile alleges that the upgrade fees in question were, in fact, refunded, as reflected in statements for Mike Martinet, dated February 20, 2008 and March 20, 2008.  T-Mobile denies each and every remaining allegation in Paragraph 27 of the Complaint.

28.   Answering Paragraph 28 of the Complaint, T-Mobile alleges that the arbitration clauses in its customer contracts are the best evidence of their contents and speak for themselves.  Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 28 of the Complaint.

29.   Answering Paragraph 29 of the Complaint, T-Mobile admits that on January 22, 2008 the United States Court of Appeals for the Ninth Circuit issued an opinion in *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213 (9th Cir. 2008).  T-Mobile alleges that to the extent Plaintiff seeks to restate the court's holdings in that opinion, the court's opinion is the best evidence of its contents and speaks for itself.  Except as

expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of the Complaint, T-Mobile admits that the United States Court of Appeals for the Ninth Circuit issued an opinion in *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976 (9th Cir. 2007). T-Mobile alleges that to the extent Plaintiff seeks to restate the court's holdings in that opinion, the court's opinion is the best evidence of its contents and speaks for itself. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of the Complaint, T-Mobile admits that Plaintiff purports to bring this lawsuit pursuant to Rule 23 and on behalf of the putative class defined in Paragraph 31 of the Complaint. T-Mobile denies that this case can be properly maintained as a class action and that Plaintiff's proposed class definition is appropriate.

32. Answering Paragraph 32 of the Complaint, T-Mobile admits that Plaintiff purports to be a member of the putative class set forth in Paragraph 31 but denies that this case can properly be maintained as a class action or that Plaintiff's proposed class definition is appropriate.

33. Answering Paragraph 33 of the Complaint, T-Mobile denies that this case can properly be maintained as a class action or that Plaintiff's proposed class definition is appropriate. T-Mobile otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. Answering Paragraph 34 of the Complaint, T-Mobile denies each and every allegation in Paragraph 34 of the Complaint.

35. Answering Paragraph 35 of the Complaint, T-Mobile denies each and every allegation in Paragraph 35 of the Complaint.

36. Answering Paragraph 36 of the Complaint, T-Mobile denies each and every allegation in Paragraph 36 of the Complaint.

37. Answering Paragraph 37 of the Complaint, T-Mobile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. Answering Paragraph 38 of the Complaint, T-Mobile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. Answering Paragraph 39 of the Complaint, T-Mobile denies each and every allegation in Paragraph 39 of the Complaint.

40. Answering Paragraph 40 of the Complaint, T-Mobile incorporates by reference Paragraphs 1 through 39 of this Answer as though set forth in full herein in response to Paragraph 40 of the Complaint.

41. Answering Paragraph 41 of the Complaint, T-Mobile admits that Plaintiff purports to bring Count I of the Complaint on behalf of the putative class but denies that this case can properly be maintained as a class action or that Plaintiff's proposed class definition is appropriate.

42. Answering Paragraph 42 of the Complaint, T-Mobile admits and alleges that it revises its service contracts from time to time. T-Mobile alleges that its service contracts are the best evidence of their contents and speak for themselves. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 42 of the Complaint.

43. Answering Paragraph 43 of the Complaint, T-Mobile alleges that the statement set forth in Paragraph 43 is a legal conclusion and is not a fact capable of being admitted or denied. T-Mobile denies that Plaintiff has fully and accurately summarized the applicable law.

44. Answering Paragraph 44 of the Complaint, T-Mobile denies each and every allegation in Paragraph 44 of the Complaint.

45. Answering Paragraph 45 of the Complaint, T-Mobile denies each and every allegation in Paragraph 45 of the Complaint.

46. Answering Paragraph 46 of the Complaint, T-Mobile denies each and every allegation in Paragraph 46 of the Complaint.

47. Answering Paragraph 47 of the Complaint, T-Mobile incorporates by reference Paragraphs 1 through 46 of this Answer as though set forth in full herein in response to Paragraph 47 of the Complaint.

48. Answering Paragraph 48 of the Complaint, T-Mobile admits that Plaintiff purports to bring Count II of the Complaint on behalf of the putative class but denies that this case can properly be maintained as a class action or that Plaintiff's proposed class definition is appropriate.

49. Answering Paragraph 49 of the Complaint, T-Mobile denies each and every allegation in Paragraph 49 of the Complaint.

50. Answering Paragraph 50 of the Complaint, T-Mobile denies each and every allegation in Paragraph 50 of the Complaint.

51. Answering Paragraph 51 of the Complaint, T-Mobile denies each and every allegation in Paragraph 51 of the Complaint.

52. Answering Paragraph 52 of the Complaint, T-Mobile incorporates by reference Paragraphs 1 through 51 of this Answer as though set forth in full herein in response to Paragraph 52 of the Complaint.

53. Answering Paragraph 53 of the Complaint, T-Mobile admits that Plaintiff purports to bring Count III of the Complaint on behalf of the putative class but denies that this case can properly be maintained as a class action or that Plaintiff's proposed class definition is appropriate.

54. Answering Paragraph 54 of the Complaint, T-Mobile denies each and every allegation in Paragraph 54 of the Complaint.

55. Answering Paragraph 55 of the Complaint, T-Mobile denies each and every allegation in Paragraph 55 of the Complaint.

56. Answering Paragraph 56 of the Complaint, T-Mobile denies each and every allegation in Paragraph 56 of the Complaint.

57. Answering Paragraph 57 of the Complaint, T-Mobile denies each and every allegation in Paragraph 57 of the Complaint.

58. Answering Paragraph 58 of the Complaint, T-Mobile denies each and every allegation in Paragraph 58 of the Complaint.

59. Answering Paragraph 59 of the Complaint, T-Mobile denies each and every allegation in Paragraph 59 of the Complaint.

60. Answering Paragraph 60 of the Complaint, T-Mobile denies each and every allegation in Paragraph 60 of the Complaint.

61. Answering Paragraph 61 of the Complaint, T-Mobile denies each and every allegation in Paragraph 61 of the Complaint.

62. Answering Paragraph 62 of the Complaint, T-Mobile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63. Answering Paragraph 63 of the Complaint, T-Mobile admits that Plaintiff alleges that T-Mobile sells wireless phones and handsets that may be considered "goods" as defined in the code section cited therein. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 63 of the Complaint.

64. Answering Paragraph 64 of the Complaint, T-Mobile admits that Plaintiff alleges that T-Mobile's wireless telecommunication services were "services" as defined in the code section cited therein. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 64 of the Complaint.

65. Answering Paragraph 65 of the Complaint, T-Mobile admits that Plaintiff alleges that T-Mobile was a "person" as defined in the code section cited therein. Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 65 of the Complaint.

66. Answering Paragraph 66 of the Complaint, T-Mobile admits that Plaintiff alleges that the purchase of new wireless phones or handsets constitutes a "transaction"

Gibson, Dunn & Crutcher LLP

9

as defined in the code section cited therein.  Except as expressly admitted herein, T-Mobile denies each and every remaining allegation in Paragraph 66 of the Complaint.

67. Answering Paragraph 67 of the Complaint, T-Mobile alleges that to the extent that Plaintiff seeks to quote the statutory provisions cited therein, the statute provides the best evidence of its terms and speaks for itself.  T-Mobile denies that Plaintiff has fully and accurately summarized the applicable portions of the statute.

68. Answering Paragraph 68 of the Complaint, T-Mobile denies each and every allegation in Paragraph 68 of the Complaint.

69. Answering Paragraph 69 of the Complaint, T-Mobile denies each and every allegation in Paragraph 69 of the Complaint.

70. Answering Paragraph 70 of the Complaint, T-Mobile denies each and every allegation in Paragraph 70 of the Complaint.

71. Answering Paragraph 71 of the Complaint, T-Mobile denies each and every allegation in Paragraph 71 of the Complaint.

72. Answering Paragraph 72 of the Complaint, T-Mobile denies each and every allegation in Paragraph 72 of the Complaint.

73. Answering Paragraph 73 of the Complaint, T-Mobile denies each and every allegation in Paragraph 73 of the Complaint.

74. Answering Paragraph 74 of the Complaint, T-Mobile denies each and every allegation in Paragraph 74 of the Complaint.

**PRAYERS FOR RELIEF**

75. With regards to the Plaintiff's prayers for relief, T-Mobile alleges that Plaintiff and the members of the putative class are not entitled to any relief and should be denied all relief.

**SEPARATE AND ADDITIONAL DEFENSES**

By alleging the separate and additional defenses set forth below, T-Mobile intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue of law or in equity.

Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff and/or the putative class he purports to represent are entitled to any relief whatsoever.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

76. The Complaint and each purported claim for relief stated therein fails to state a claim or cause of action against T-Mobile upon which relief can be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

77. Plaintiff and the members of the putative class cannot maintain each and every purported claim in the Complaint because their contracts with T-Mobile require them to arbitrate this dispute before the American Arbitration Association. As a result, this Court lacks subject matter jurisdiction of this dispute. T-Mobile acknowledges that recent decisions of the Ninth Circuit and the California Supreme Court have refused to enforce consumer agreements calling for individual arbitration when a plaintiff makes allegations like those in the Complaint. *See, e.g.*, *Shroyer v. Cingular Wireless Servs., Inc.*, 498 F.3d 976 (9th Cir. 2007); *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005). The Ninth Circuit has also rejected appeals in prior cases in which T-Mobile has sought to enforce its consumer arbitration agreement. *See, e.g.*, *Laster v. T-Mobile U.S.A., Inc.*, 2007 U.S. App. LEXIS 25265 (9th Cir. Oct. 25, 2007) (unpublished); *Ford v. Verisign, Inc.*, 2007 U.S. App. LEXIS 25267 (9th Cir. Oct. 25, 2007) (unpublished). T-Mobile respectfully disagrees with the Ninth Circuit's rulings on this issue and contends that *Shroyer*, *Laster* and *Ford* are contrary to and preempted by the Federal Arbitration Act, 9 U.S.C. § 2 et seq. In addition, because the Ninth Circuit's position is inconsistent with the Third Circuit's ruling in *Gay v. CreditInform*, 511 F.3d 369 (3d Cir. 2007), T-Mobile contends that Supreme Court review of this issue is necessary. In the event the Supreme Court decides to resolve this issue in the future and overrules these Ninth Circuit decisions, or the interpretation of the law governing the arbitrability of this case otherwise changes, T-Mobile reserves the right

Gibson, Dunn & Crutcher LLP

to seek to compel arbitration of this dispute and to enforce the arbitration agreement at that time.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

78. Plaintiff and the members of the putative class lack standing to assert each and every purported cause of action alleged in the Complaint.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

79. Plaintiff and the members of the putative class cannot maintain each and every purported cause of action in the Complaint because they have suffered no injury as a result of the alleged conduct by T-Mobile.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

80. Plaintiff cannot maintain this lawsuit as a class action because he cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

81. Plaintiff and the members of the putative class are estopped from pursuing each and every purported cause of action in the Complaint by their conduct, including, without limitation, their acceptance and/or payment of the upgrade fee.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

82. Plaintiff and the members of the putative class have waived each and every purported cause of action in the Complaint by their conduct, including, without limitation, their acceptance and/or payment of the upgrade fee.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

83. Plaintiff and the members of the putative class are barred from maintaining each and every purported cause of action in the Complaint based on their own breaches of their agreement(s) with T-Mobile.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

84. T-Mobile fully performed its obligations to Plaintiff and the members of the putative class.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

85. To the extent the Complaint seeks damages for any alleged violation of the California Consumer Legal Remedies Act, Plaintiff has failed to provide T-Mobile with the proper notice and demand mandated by Section 1782 of that Act.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

86. The policies and practices alleged in the Complaint are not employed or followed by T-Mobile and, therefore, neither Plaintiff nor the members of the putative class are entitled to injunctive relief.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

87. Any finding of liability under California Business & Professions Code §§ 17200, 17203, and 17204, or similar states statutes, would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate government interest.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

88. Any award of restitution under California Business & Professions Code Section 17203, or similar state statutes, would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment of the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19 of the California Constitution.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

89. The claims of plaintiff and the putative class all arise under state law and are therefore barred, in whole or in part, to the extent that plaintiff seeks to apply these claims to interstate or foreign commerce in violation of the Commerce Clause of the United States Constitution.

Gibson, Dunn & Crutcher LLP

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

90. To the extent Plaintiff purports to represent or seek relief on behalf of members of the putative class or the general public who are not located or resident in the State of California, the Complaint and each of its claims for relief therein violate T-Mobile's rights to due process under the California and United States Constitutions. *See, e.g., BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-813 (1985).

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

91. Plaintiff's claims and those of the putative class are barred because T-Mobile's actions, if any, were undertaken in good faith, and with the belief that its conduct, policies and practices were lawful, and were not undertaken with the intent of deceiving, misleading, or damaging Plaintiff or any member of the putative class that Plaintiff purports to represent.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

92. To the extent that the Complaint alleges a claim for relief on equitable grounds, Plaintiff and the members of the putative class have an adequate remedy at law.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

93. Plaintiff's claims and those of the putative class are barred because they had alternative choices to incurring and paying the upgrade fee.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

94. To the extent the Complaint seeks the remedy of disgorgement, T-Mobile alleges that any injuries plaintiff and the class he purports to represent claim to have suffered are not susceptible to the remedy of disgorgement.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

95. T-Mobile alleges that damages are not recoverable pursuant to California Business & Professions Code §§ 17200 and 17500.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

96. To the extent the Complaint seeks punitive damages, T-Mobile alleges that the conduct alleged does not support a claim for punitive damages and that any claim for punitive damages is unconstitutional and should be dismissed pursuant to the United States Constitution and the California Constitution.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

97. T-Mobile reserves the right to allege additional defenses as they become known during discovery, and to amend its Answer accordingly.

WHEREFORE, T-Mobile prays that:

1. Plaintiff and the members of the putative class take nothing by the Complaint;

2. T-Mobile be awarded judgment in its favor and against Plaintiff;

3. The Complaint be dismissed with prejudice;

4. T-Mobile recover its costs of suit incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and proper.

DATED: June 9, 2008

```
                                GIBSON, DUNN & CRUTCHER LLP
                                MERYL L. YOUNG
                                JARED M. TOFFER


                                By:      /s/ Jared M. Toffer
                                            Jared M. Toffer

                                Attorneys for Defendant,
                                T-MOBILE USA, INC.
                                E-mail: jtoffer@gibsondunn.com
```

Gibson, Dunn & Crutcher LLP

**CERTIFICATE OF SERVICE**

I, Janet Travis, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412, in said County and State.

I hereby certify that on June 9, 2008, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

    Joseph G. Dicks                      jdicks@dicks-workmanlaw.com

I am employed in the office of Jared M. Toffer, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2008.

                                         */s/*
                                         Janet Travis

100457472_2.DOC

Gibson, Dunn & Crutcher LLP